The Law Offices of Damon McDougal, LLC
60 Park Place
Suite 1104
Newark, New Jersey 07102
(201) 598-0505
Fax (973) 624-5005
Attorney for Plaintiff Lance McGraw

12-537(CCC)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CIVIL ACTION NO.

LANCE MCGRAW

    Plaintiff

ATLANIC COAST MEDIA GROUP,
with offices at 499 Washington Blvd,
in Jersey City, New Jersey

    Defendant

### COMPLAINT AND JURY DEMAND

Plaintiff, Lance McGraw by and through his undersigned counsel, The Law Offices of Damon McDougal, LLC hereby complains against the Defendant Atlantic Coast Media Group.

### STATEMENT OF CLAIM

1. This claim arises of this defendant's failure to promote plaintiff, based solely on his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections(s) 2000e et seq. and the Civil rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981.

2. Plaintiff began employment with Defendant on January 19, 2010. His title was "outbound representative" whose job duties required outbound calls, sales, and collections related to the product Hydroxatone.

3. On or about July 2010 he was transferred to the position of Obudsman. There was no raise in pay from this position. His job responsibilities were to take customer calls relating to the product, he would be responsible for resolving customer issues. In November of 2010 his job title was changed to trainer where he would train new hires. Again there was no change of pay.

## JURISDICTION AND VENUE

4. This is in part an action authorized and instituted pursuant Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section(s) 2000e et seq; the Civil rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981.

5. The jurisdiction of this Court is predicated upon 28 USC Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under common law statutes of the State of New Jersey, and which arise from a common nucleus of operative fact pursuant to 2 U.S.C. Section 1367.

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants regularly conduct business and where all the wrongful conduct occurred

## ADMINISTRATIVE PREREQUISITES

7. Mr. McGraw has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. Sections 2000e 5 as follows:

   A. On or about Mr. McGraw timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission (hereinafter the "EEOC")

   B. Mr. McGraw promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter.

   C. Mr. McGraw has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action.

## FACTUAL ALLEGATIONS

9. Plaintiff Lance McGraw was employed by Defendant Atlantic Media on or about January 19, 2010 with offices at 499 Washington Blvd Jersey City, New Jersey.

10. At all relevant times Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks starting in 2004 through the present, and was further engaged in an industry directly affecting interstate commerce.

11. At all matters regarding compensation, terms conditions, rights and privileges of Mr. McGraw's employment were governed and controlled by the Defendant Atlantic Coast Media Group.

12. Defendant Atlantic Coast Media Group has a policy in place where it discriminates against African American employees by failing to promote them to positions within the workforce.

13. Although Plaintiff's job title has changed since he first started working, his pay has not changed whatsoever.

14. Plaintiff advised that he wanted to apply for a position in management   Scott Linder director of Inbound verbally advised Plaintiff that he would not receive the position. Mr. Linder did not advise Plaintiff that he was not qualified for the position. Plaintiff forwarded his resume to Scott Lender via email; Mr. Lender failed to even respond.

## CAUSE OF ACTION

15. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the complaint as though set forth fully herein.

16. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section(s) 2000e et seq. and 42 U.S.C. Section 1981(a) for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Plaintiff complains of Defendant's violation of title VII's prohibition against discrimination in employment, based in whole or in part because of an employee's race.

17. During his employment Plaintiff Lance McGraw was a member of a class protected under Title VII against race based discrimination by his employed Defendant, or by its supervisory personnel.

18. Similarly situated white employees at Atlantic Coast Media Group start off as Plaintiff did and become Obudsmen and are promoted to the title of Manager.

19. There are presently no African American employees that have been promoted to Managers at Atlantic Coast Media Group.

20. At all relevant times Defendant knew that the discriminatory conduct was without cause as Plaintiff had consistently satisfied and/or exceeded all the requirements of his position.

21. As a result of Defendant's employment policies, procedures, and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race, African American.

22. As a further result of Defendant's actions, Plaintiff has been, is being, and will be deprived of income in the form of wages, prospective retirement benefits, and other benefits, promotion, opportunities and job assignments due to him as an employee and denied to him because of his race in an amount to be proven at trial.

23. The above named Defendant's conduct was a direct and proximate cause of the injuries damages and harm suffered by Plaintiff.

24. As Defendant engaged in discriminatory employment practices with malice or with reckless indifference to Plaintiff's federally protected rights Plaintiff is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq. as amended and 2 U.S.C. Section 1981a.

25. Furthermore Defendant intentionally and/or with reckless indifference engaged in the above stated discriminatory practices against Plaintiff contrary to Plaintiff's federally protected rights as guaranteed to him under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section)s0 2000e et seq., as amended to 42 U.S.C. 1981

26. The intentional and discriminatory conduct of Atlantic Coast Media Group was willful, wanton, deliberate and outrageous warranting the imposition of punitive/exemplary damages which shall serve as an example and deterrent to defendant and others who would engage in this pattern

## ADDITIONAL PARTIES/OR CLAMIS

27. Plaintiff respectfully request leave to amend his complaint to add additional parties And/or claims upon completion of initial discovery. It may be necessary to name agents and/or employees of the above named Defendant and to add additional claims.

## DAMAGES

28. The conduct of the above named Defendant as set forth herein in violating Plaintiff's rights under Title VII of the Civil rights Act of 1964 as amended to 42 U.S.C. Sections 2000e et seq. the Civil rights Act of 1866 as amended to by the Civil rights Restoration Act of 1991 , 42 U.S.C. 1981; and the common law of New Jersey, CAUSED injuries, damages and harm to Plaintiff including but not limited to past and future economic past and future non-economic loss, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment on the quality of life consequential losses.

29. Plaintiff also request that this Court enter an injunction ordering defendant to pay plaintiff whole with full back pay benefits plaintiff would have obtained in the absence of discrimination or in the alternative front pay.

30. Such other and further relief as this Court deems just and appropriate

31. Plaintiff hereby requests a trial by jury on all claims.

The Law office of Damon McDougal, LLC
Attorney for Plaintiff Lance McGraw

_____
Damon McDougal, Esq.


Dated: July 29, 2011